Puerto Rico Auto Corporation, recurrente, *v.* Registrador de la Propiedad de San Juan, Sección Segunda, recurrido.

Núm. 1118.—*Sometido:* Enero 30, 1943. *Resuelto:* Febrero 24, 1943.

*Hugh R. Francis,* abogado de la recurrente; el registrador recurrido compareció por escrito.

El Juez Asociado Señor Todd, Jr., emitió la opinión del tribunal.

La Puerto Rico Auto Corporation, con domicilio en la ciudad de San Juan, para garantizar un pagaré por $164,614.05 que había otorgado a favor de Reconstruction Finance Cor-

poration, constituyó una hipoteca sobre varios automóviles y *trucks* de su propiedad situados en los municipios de San Juan, Río Piedras y Toa Baja. Inscribió la hipoteca en la Sección Primera del Registro de la Propiedad de San Juan, pagando los derechos correspondientes a base de la cuantía total de la hipoteca por no haberse dividido la responsabilidad entre los distintos bienes hipotecados. Solicitó entonces la inscripción de la hipoteca en la Sección Segunda del Registro de la Propiedad de San Juan sin pagar derechos alegando para ello que no tenía que pagarlos por segunda vez y el registrador se negó y suspendió la inscripción de acuerdo con la siguiente nota:

"1°. Porque de acuerdo con lo dispuesto en la Sección 4 de la Ley número 19, aprobada el 3 de junio de 1927, las hipotecas sobre propiedad mueble se inscribirán en el distrito de la residencia del deudor hipotecario al tiempo de su otorgamiento; y se inscribirán además en el distrito en que estuvieren situados los bienes, si fuere otro distinto, lo que no ocurre en este caso según se desprende del propio documento del cual resulta que los bienes muebles hipotecados están situados en los municipios de San Juan, Río Piedras y Toa Baja, cuyos municipios corresponden a este mismo distrito judicial; y habiendo sido ya inscrita dicha hipoteca en la Sección Primera de este Registro de la Propiedad, según se desprende de la nota puesta al calce en el *duplicado del documento presentado y del escrito* que se acompaña, no procede la duplicidad de inscripción que se solicita.

"2°. Porque en el supuesto de que la inscripción que se solicita pueda practicarse también en esta Sección Segunda del Registro de la Propiedad de San Juan, entonces el interesado deberá consignar $411.75 en sellos de Rentas Internas de conformidad con lo dispuesto en la Sección 16 de la ley antes mencionada, no habiéndose consignado la referida cantidad ni parte alguna de la misma, a pesar de habérsele exigido en pago de los servicios a prestarse por este Registro de la Propiedad, Sección Segunda."

██ En cuanto al primer motivo expuesto. por el registrador la recurrente lo somete a esta corte sin argumentación alguna, y el segundo sostiene que es contrario a lo resuelto en el caso de *Baetjer* v. *Registrador*, 57 D.P.R. 175,

y como consecuencia solicita la revocación de la nota recurrida. Por su parte el registrador para sostener el primer motivo arguye que el legislador, al usar la palabra "distrito" en la sección 4 de la Ley núm. 19 aprobada el 3 de junio de 1927 (Leyes de 1927, pág. 491) se refiere al distrito judicial y no al distrito hipotecario o demarcación territorial de cada registro. Dicha sección dice así:

"Sección 4.—Una hipoteca de propiedad mueble no será válida contra persona alguna, excepto el deudor hipotecario, sus herederos, legatarios, albaceas o administradores, a menos que la hipoteca estuviere inscrita en el registro de la propiedad del distrito en el cual residiere el deudor hipotecario al tiempo de su otorgamiento, o si residiere fuera de Puerto Rico, en el distrito en que se encontrare la propiedad; Disponiéndose, sin embargo, que si la propiedad radicare en distinto distrito de aquel en que residiere el deudor hipotecario, se inscribirá la hipoteca en el registro de la propiedad de ambos distritos, el distrito en el cual el deudor hipotecario reside y el distrito *en el cual está radicada la propiedad.*" (Bastardillas nuestras.)

Sostiene el registrador que ni la Ley Hipotecaria ni su Reglamento llaman "distrito" al territorio cubierto por cada uno de los registros, y además que la sección 14 de la Ley de 1927, cuyo título es Ley Hipotecaria de Propiedad Mueble, que trata sobre la ejecución de esta clase de hipotecas, dispone que la propiedad hipotecada será vendida en pública subasta "por el márshal del distrito en el cual residiere el deudor hipotecario, o en donde se encontrare la propiedad."

No podemos estar conformes con la conclusión a que llegó el recurrido. Por la sección 14 se proveyó el procedimiento judicial para la ejecución de estas hipotecas especiales y la ley se refiere, desde luego, al márshal del distrito judicial correspondiente. El problema en cuanto al Registro en que deba hacerse la inscripción de la hipoteca en sí es algo distinto e independiente.

Los hechos del caso de autos demuestran que la interpretación del registrador es errónea. Si la aceptamos como co-

rrecta, ¿en qué registro, además de aquel del domicilio del deudor debe inscribirse la hipoteca, cuando el distrito judicial en que están los bienes situados es distinto al del domicilio del deudor y al mismo tiempo no radica ningún registro de la propiedad dentro de los límites de dicho distrito judicial? No podría inscribirse y por tanto no podría cumplirse con el mandato de la sección 4, supra. Y esto es lo que procede con los bienes de la recurrente situados en el municipio de Toa Baja, que no pertenece al distrito judicial de San Juan como erróneamente dice el registrador en su nota, sino al distrito judicial de Bayamón en el cual no existe Registro de la Propiedad alguno pues todos sus municipios están asignados a la Sección Segunda del Registro de la Propiedad de San Juan. El ejemplo que pone el recurrido de bienes situados en San Juan y en Ponce no ofrece dificultad porque en ambos distritos existen registros de la propiedad, pero cuando surge un caso como el de autos se puede ver cuál fué la intención legislativa. Otro ejemplo lo demostrará más claramente aún: Dentro de los límites del distrito judicial radican dos registros de la propiedad, como sucede en el distrito judicial de Mayagüez que tiene el registro de su nombre y además el de San Germán. Si un deudor residente en Ponce hipoteca bienes muebles situados en el pueblo de Añasco, dentro del distrito judicial de Mayagüez, ¿en qué registro debe inscribir la hipoteca, en el de San Germán o en el de Mayagüez? Nos parece que no fué la intención legislativa dejar a opción del deudor en este caso escoger el registro a su antojo, y en el otro encontrarse que no existe registro donde pueda inscribir la hipoteca.

La interpretación lógica y razonable es que la palabra "distrito" usada en la sección 4 de la Ley núm. 19 de 1927 supra, se refiere a las demarcaciones territoriales de los registros y no a los distritos judiciales. Estando el municipio de Toa Baja comprendido en la demarcación territorial de la Sección Segunda del Registro de la Propiedad de San

Juan, procede la inscripción de la hipoteca en dicho registro. ¿Debe la recurrente pagar de nuevo los derechos exigidos por el registrador cuando ya los había satisfecho por inscribir la hipoteca en la sección primera del Registro de la Propiedad de San Juan? ¿Es aplicable el caso de *Baetjer* v. *Registrador*, 57 D.P.R. 175 al de autos? Veámoslo. En dicho caso se resolvió, según aparece del sumario, que:

"Presentada en un registro la escritura de cancelación de una hipoteca constituída sobre una propiedad radicada en cuatro registros de la propiedad y cobrados en él los derechos ascendentes a una suma igual a la que se hubiera requerido si la parte de la finca hipotecada dentro de su distrito lo hubiera sido separadamente por el importe total de la hipoteca, otro registro no puede, al presentársele la escritura mencionada, exigir y cobrar una suma igual, obligando así al deudor a pagar cuatro veces lo que se le hubiera exigido pagar de haber distribuído la responsabilidad hipotecaria entre las varias partes de la finca radicadas en los distintos registros al otorgar la hipoteca, de existir algo en la ley a la fecha del otorgamiento que obligara a los acreedores y deudor hipotecarios a así hacerlo o convenirlo."

Sostiene el recurrido que el caso citado no es aplicable porque en él se trataba de una propiedad inmueble, constituída por varias fincas, que se extendía por el territorio de dos o más registros pero que formando una sola unidad se consideraron como una sola finca de acuerdo con el artículo 61 del Reglamento de la Ley Hipotecaria; mientras que en el caso de autos se trata de propiedad mueble (automóviles y trucks) que no constituye toda una sola unidad.

Somos de opinión que el registrador tiene razón. Los principios de nuestra Ley Hipotecaria no son necesariamente aplicables en la interpretación de la ley especial sobre hipotecas de propiedad mueble. Ésta, o sea el "chattel mortgage", proviene del derecho común y tiene como único equivalente en el derecho civil el contrato de prenda, mientras que la Ley Hipotecaria es una institución típicamente española. En materia de inscripción la que se requiere de

acuerdo con la Ley Hipotecaria es distinta de la que se verifica bajo la Ley Hipotecaria de Propiedad Mueble. La de la primera se hace en relación con fincas previamente inscritas en el Registro de la Propiedad; la de la segunda se verifica a virtud de un contrato y lo que se inscribe es el contrato de hipoteca en el libro prescrito por la sección 15 de la ley. Es similar a la inscripción de los contratos de ventas condicionales de bienes muebles que deben inscribirse en los municipios o en la División de Automóviles del Departamento del Interior, cuando se trata de venta condicional de automóviles.

Aún cuando por analogía se pudieran aplicar los principios de la Ley Hipotecaria a los contratos de hipoteca de bienes muebles, aún así, el caso de *Baetjer,* supra, no sería aplicable. En aquél se trataba de la cancelación de una hipoteca que afectaba una finca, como entidad, radicada en distintos registros. Como se trataba de una finca en el contrato de hipoteca no se distribuyó la responsabilidad porque esto sólo lo exige la ley cuando se hipotecan dos o más fincas. Artículo 119 Ley Hipotecaria. Se trataba de un solo gravamen hipotecario, pues la hipoteca es indivisible. Artículo 122 de la misma ley. Pero como el artículo 23 del Reglamento prescribe que cuando una finca radicada "en territorio perteneciente a dos o más registros se hará la inscripción en todos ellos, incluyendo en cada uno tan solo la parte de la misma finca que en él estuviere situada", al cobrar un registrador los honorarios que fija la ley para la cancelación de toda la hipoteca y no de la parte que afectaba la porción de la finca situada en su demarcación, cosa esta última que no podía hacer por impedirlo la ley por no ser divisible la hipoteca, al cobrar la totalidad de los honorarios, repetimos, es evidente que cobró la parte que debió cobrar el otro registrador. En dicho caso el Registrador de Caguas sólo inscribió la cancelación en cuanto a la parte de la finca radicada en su demarcación y sin embargo cobró los honorarios que correspondían a la totalidad de la finca.

En el caso de autos nò se trata de inscribir el contrato en la Sección Segunda del Registro de la Propiedad de San Juan sobre los bienes radicados en Toa Baja, sino que de inscribir todo el contrato. La sección 4, supra, expresamente dispone "que si la propiedad radicara en distinto distrito de aquel en que residiere el deudor hipotecario, se inscribirá la hipoteca en el registro de la propiedad de ambos distritos, el distrito en el cual el deudor hipotecario reside y el distrito en el cual está radicada la propiedad." Son dos inscripciones distintas e independientes las que la ley exige y dos servicios distintos prestados por los respectivos registradores, y prescribiendo la sección 16 de la citada ley que el registrador tendrá derecho a recibir los honorarios fijados en dicha sección "por servicios a virtud de las disposiciones de esta ley" no puede dicho funcionario dejar de cobrarlos sin faltar al deber que la ley le impone, pues aún cuando se use la frase "tendrá derecho" no es discrecional en él cobrar o no los honorarios que fija la ley. No puede alegarse que existe duplicidad de honorarios porque cada registrador cobra por un servicio distinto que presta por mandato de la ley, y ésta, al fijarlos no dice que deban pagarse en uno solo de los registros.

*Debe confirmarse la nota recurrida por su segundo fundamento.*