PEDRO DÍAZ CORREA, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE SAN JUAN, SECCIÓN PRIMERA, recurrido.

Núm. 1137.—*Sometido:* Enero 10, 1944. *Resuelto:* Marzo 21, 1944.

*Heriberto Torres Solá,* abogado del recurrente; el registrador recurrido compareció por escrito.

El Juez Asociado Señor De Jesús emitió la opinión del tribunal.

Por escritura número noventa de 30 de junio del año pasado ante el notario Heriberto Torres Solá, Pedro Díaz Correa, dueño de un crédito hipotecario sobre cierta finca urbana del deudor Bartolomé Fiol Gomila, amplió dicho crédito mediante un nuevo préstamo de cuatro mil dólares que hiciera Fiol con garantía del inmueble previamente gravado a favor del mismo acreedor. En dicha escritura Pedro Díaz Correa compareció asistido de su esposa y expresaron que la cantidad de cuatro mil dólares objeto del préstamo tenía carácter de bien privativo del esposo. Para demostrar la procedencia del dinero dado a préstamo, se hizo en la escritura una exposición de las distintas transacciones realizadas por Díaz Correa con bienes privativos suyos. Se acompañaron los documentos relacionados con dichas transacciones, siendo uno de ellos la copia certificada de la escritura número veintiocho de 4 de marzo de 1943 ante el mismo notario señor Torres Solá. Por esa escritura Díaz Correa y su esposa vendieron a Ricardo Mosquera Vázquez cierta finca urbana en la cual Díaz Correa poseía privativamente un condominio de tres mil dólares en el valor de cinco mil dólares dado a la finca, correspondiendo los dos mil dólares, resto del valor de la finca, a la sociedad de gananciales.

El registrador inscribió la referida escritura número noventa consignando el defecto subsanable de no haberse acreditado la procedencia privativa de una parte del préstamo, ya que la escritura número veintiocho a que antes se ha hecho referencia, no contenía nota de inscripción, y la finca que en ella se describía estaba radicada en la demarcación del Registro de la Propiedad de San Juan, Sección Segunda, por lo que el registrador no venía obligado a recurrir a los libros de dicho registro para determinar el carácter privativo o ganancial del condominio que por dicha escritura vendió Díaz Correa.

■ Se queja el recurrente de que el registrador, antes de consignar el indicado defecto, no diera cumplimiento al artículo 19 de la Ley Hipotecaria, según fué enmendado por la Ley núm. 20 de 7 de julio de 1923 (Sesión Ordinaria, pág. 213), que prescribe:

"Cuando el registrador notare alguna falta referente a la legalidad de las escrituras que se presenten o de capacidad de los otorgantes lo comunicará por escrito al presentante o al notario que hubiere autorizado el documento para que lo recojan y subsanen la falta en el término que dure los efectos del asiento de presentación o cuando menos dentro de los cinco días después de hecha la notificación, pudiendo el notario o el presentante dejar de recoger el documento cuando, para subsanar la falta sólo fuere necesario acompañar otro o los antecedentes correspondientes. De no subsanarse la falta en el término indicado, el registrador denegará la inscripción si se tratare de defecto insubsanable o hará constar el defecto si fuere subsanable; *Disponiéndose,* que la notificación al presentante del documento o al notario se hará constar al margen del asiento de presentación."

El hecho de que el registrador dejara de notificar al presentante o al notario que autorizó el documento para que lo recogiera y subsanase la falta, no es una cuestión revisable dentro de un recurso gubernativo, que sólo procede para revisar una nota denegatoria o de defecto subsanable. Sin duda fué una inadvertencia del registrador el no dar cumplimiento a lo prescrito en el artículo 19 de la Ley Hipotecaria; pero sea como fuere, su incumplimiento de ese precepto legal no puede afectar la calificación que hiciera del documento que se le presentó para inscripción.

■ Pasemos a considerar ahora si la calificación de defecto subsanable por no haberse acreditado el carácter privativo del crédito hipotecario, es o no correcta.

Prescribe el artículo 1307 del Código Civil (ed. 1930) que "Se reputan gananciales todos los bienes del matrimonio, mientras no se pruebe que pertenecen privativamente al marido o a la mujer." Habiéndose adquirido el crédito hipotecario a título oneroso en constante matrimonio, debe presu-

mirse ganancial mientras no se demuestre lo contrario. A ese efecto no basta con que los dos cónyuges comparezcan en la escritura de adquisición y expresen que el inmueble o derecho real pertenece privativamente a uno u otro cónyuge. Entendiéndolo así el recurrente, acompañó como documentos complementarios las copias certificadas de las escrituras a que hemos hecho referencia.

Es verdad que si del registro resulta la condición de privativo del inmueble o derecho real que se describe en el documento complementario, el hecho de que éste no aparezca inscrito es indiferente. Pero como la inscripción de la escritura número noventa se solicitó en el Registro de la Propiedad de San Juan, Sección Primera, y la finca a que se contrae el documento complementario se halla dentro de la demarcación del Registro de la Propiedad de San Juan, Sección Segunda, el Registrador de la Sección Primera no está obligado a recurrir al otro registro para determinar por las constancias de sus libros el carácter privativo o ganancial que pueda tener el inmueble en cuestión. Arguye el recurrente que las dos secciones del Registro de la Propiedad de San Juan constituyen un solo registro, y que por consiguiente el registrador de la Sección Primera puede recurrir al registro de la Sección Segunda y examinar sus libros en relación con la finca a que se refiere el documento complementario. No está en lo cierto el recurrente. El Registro de la Propiedad de San Juan, Sección Primera, y el Registro de la Propiedad de San Juan, Sección Segunda, constituyen dos registros distintos e independientes entre sí, tan distintos e independientes entre sí como lo es el de Mayagüez con respecto al de Humacao. Las denominaciones de "Sección Primera" y "Sección Segunda" no tienen importancia, pues ese aditamento sólo tiene por objeto distinguir un registro del otro, ya que ambos tienen su sede en la ciudad de San Juan. El registrador de una sección ninguna ingerencia tiene en las operaciones que se practican en la otra, y los empleados de la Sección Primera ninguna relación tienen con la Sec-

ción Segunda, y vice. versa. En nada afecta la independencia que existe entre dichos registros el hecho de que ambos se encuentren actualmente en el mismo edificio. *Cf. P. R. Auto Corporation* v. *Registrador,* 61 D.P.R. 429.

No habiéndose demostrado que el condominio de la finca a que se contrae la escritura número veintiocho perteneciese privativamente al recurrente, y que por consiguiente el dinero producto de dicha venta que se invirtió en el préstamo a que se contrae la escritura número noventa, tuviese carácter privativo, actuó correctamente el registrador al consignar el defecto subsanable objeto de este recurso.

*Procede confirmar la nota recurrida.*